```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PHILIP HATCHER,

                    Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        18-CV-2282(JS)(GRB)

COMMISSIONER'S OFFICE, SOCIAL
SECURITY ADMINISTRATION, ACTING
COMMISSIONER NANCY BERRYHILL,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Philip Hatcher, pro se
                    P.O. Box 803
                    Copaigue, NY 11726

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On April 17, 2018, pro se plaintiff Philip Hatcher ("Plaintiff") filed a Complaint in this Court together with an application to proceed in forma pauperis ("IFP"). (See IFP Mot., Docket Entry 2.) For the reasons that follow, the application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON COMPLETION OF THE AO 239 IN FORMA PAUPERIS APPLICATION FORM WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER. Alternatively, Plaintiff may remit the $400.00 filing fee.[1]

---

[1] Because the Court does not refund the filing fee when a Complaint is dismissed, Plaintiff is well-advised to review the scope of this Court's jurisdiction as well as the substance of his claims. Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants and that it

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks omitted). Plaintiff's application does not include sufficient information for the Court to make such finding.

The application submitted by Plaintiff reflects that he receives month Social Security payments of $1,225.00 and that he has $6,885.32 in cash or in a checking or savings account. Plaintiff reports regular monthly expenses totaling $1,261.00. (IFP Mot., ¶¶ 3-4, 6.) Although Plaintiff reports debts in total sum of $9,317.00, (IFP Mot., ¶ 8), he does not indicate whether payments towards those obligations are being made and, if so, in what amount. Thus, the Court is unable to conclude, based on the present application, that Plaintiff is qualified to proceed in forma pauperis. Accordingly, Plaintiff's application is DENIED WITHOUT PREJUDICE TO A RENEWAL THEREOF UPON COMPLETION OF THE AO

---

is within the Court's authority to consider the imposition of sanctions should the Court determine that Plaintiff's claims are frivolous.

239 <u>IN FORMA PAUPERIS</u> APPLICATION FORM ANNEXED TO THIS ORDER WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER. Under the circumstances, Plaintiff can best set forth his current financial positions on the long form <u>in forma pauperis</u> application (AO 239).

Alternatively, Plaintiff may remit the $400.00 filing fee. Plaintiff is cautioned that failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   21  , 2018
       Central Islip, New York

3