UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PHILIP HATCHER,

                      Plaintiff,

   -against-

ANDREW SAUL, Commissioner of
Social Security,[1]

                      Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

18-CV-2282 (JS) (ST)

**TISCIONE, United States Magistrate Judge:**

      Philip Hatcher ("Hatcher" or "Plaintiff") brings this suit *pro se,* to remedy alleged Constitutional and other violations by the United States Social Security Administration and its agents ("SSA" or "Defendant"). *See generally* Second Am. Compl., ECF No. 14. Specifically, Plaintiff alleges that the SSA violated his right to due process under the Fifth and Fourteenth Amendments to the Constitution when the Defendant made misrepresentations in the processing of his application for Social Security Disability Insurance benefits ("SSDI"). *Id.* Hatcher seeks an award of disability benefits and monetary damages.[2] *Id.* After Hatcher filed his Second Amended Complaint (ECF No. 14), the Commissioner of Social Security filed this Motion to Dismiss. Def.'s Mot. to Dismiss, ECF No. 25. On April 7, 2020, the Honorable Joanna Seybert referred the Defendant's motion to me for a report and recommendation. For the reasons stated below, I recommend that the Defendant's motion be GRANTED.

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party.

[2]     It is not readily apparent to the Court from the Second Amended Complaint exactly how much in monetary damages the Plaintiff is seeking. Defendant states in his motion to dismiss that the Plaintiff is requesting $6,000,000 in damages. Def.'s Mem of Law at 1, ECF No. 25-1.

1

## I. BACKGROUND

This case stems from a previous action wherein Hatcher appealed the final determination of the SSA to the District Court. *See Hatcher v. Colvin, Commissioner of SSA*, 15-cv-3282, 2017 WL 1323747 (E.D.N.Y. March 22, 2017). Hatcher filed for SSDI benefits on May 5, 2010. *See* 2d Am. Compl. at 33, ECF No. 14.[3] On October 22, 2013, an Administrative Law Judge ("ALJ") found that Hatcher was not disabled as defined by the Social Security Act (20 CFR 404.1520(f)). *Id.* at 44. The ALJ's primary reasoning appears to be based upon the testimony of a vocational expert. *See id.* On March 24, 2015, the SSA Appeals Council denied review of the ALJ's decision. *Id.* at 19-22. In turn, on May 27, 2015, Hatcher commenced the previous action in the District Court. *Hatcher*, 15-cv-3282, 2017 WL 1323747, at *1 (E.D.N.Y. March 22, 2017). In that case, the court granted the defendant's motion to remand the action for further proceedings due to the ALJ's failure to correctly apply the applicable legal standard to the testimony of the vocational expert. *Id.* at *12. Specifically, the Court instructed that:

> [u]pon remand, the ALJ should consider the vocational expert's testimony that Plaintiff would be unable to perform his relevant past work, and determine whether Plaintiff is capable of performing other jobs available in the national labor market, as is required at step five (5) of the sequential analysis. Alternatively, should the ALJ choose to reject the vocational expert's testimony that Plaintiff was unable to perform his relevant past work, he should clearly explain his basis for rejecting any such testimony.

*Id.*

On November 13, 2017, the SSA sent a letter to the Plaintiff notifying him of a hearing scheduled for February 28, 2018. 2d Am. Compl. at 63 ("Notice of Hearing"), ECF No. 14; Def.'s Mem. of Law at 5, ECF No. 25-1. Among other things, the letter instructed Hatcher that should

---

[3]   In citations to the Second Amended Complaint and the Defendant's Motion to Dismiss and accompanying Memorandum of Law, where page numbers are references, they refer to the ECF page number at the top of each page.

he fail to attend the hearing and not offer "a good reason" his case may be dismissed.[4] *Id.* Hatcher returned an Acknowledgement of Receipt form, dated December 14, 2017, stating that he would not be present at the February 28, 2018 hearing because, "any and all future scheduling of hearings are automaticly [sic] unconstitutional for failure of disclosure." 2d Am. Compl. at 69, ECF No. 14; Def.'s Mem. of Law at 5, ECF No. 25-1. Hatcher also submitted letters to the SSA outlining his objections to attending the hearing. *See* 2d Am. Compl. at 81-92, ECF No. 14.

In a letter dated February 14, 2018, the SSA reminded Hatcher of his hearing date and again warned him that if he failed to appear without a "good reason" his case would be dismissed. 2d Am. Compl. at 70, ECF No. 14; Def.'s Mem. of Law at 5, ECF No. 25-1. Hatcher responded with another letter to the SAA, explaining that he considered the February 14, 2018 reminder letter to be elder abuse. 2d Am. Compl. at 93-95.

The Plaintiff failed to appear at the February 28, 2018 hearing and, as determined by the ALJ, did not offer a good reason for his absence. 2d Am. Compl. at 71, ECF No. 14; Def.'s Mem. of Law at 5, ECF No. 25-1. Accordingly, Hatcher's case was dismissed. *Id.* Hatcher did not appeal this dismissal to the SSA Appeals Council. Def.'s Mem. of Law at 5, ECF No. 25-1; *see generally,* 2d Am. Complaint, ECF No. 14.

On April 17, 2018, Plaintiff commenced this action. *See* Compl., ECF No. 1. On September 4, 2018, he requested leave of the Court to file an amended complaint (s*ee* Pl.'s 1st Mot. for Leave to File Am. Compl., ECF No. 11), which was denied without prejudice due to the Plaintiff's failure to attach a proposed pleading. *See* Order, No. 18-cv-2282 (E.D.N.Y. Oct. 3, 2019). On October 19, 2018, the Plaintiff filed an updated motion (s*ee* Pl.'s 2d Mot. for Leave to

---

[4] Dismissal of a request for a hearing before an administrative law judge is governed by 20 C.F.R. § 404.957. It states, in relevant part, that "[i]n determining good cause or good reason [for a nonappearance]," the Administrative Law Judge "will consider any physical, mental, educational, or linguistic limitations" of the claimant. 20 C.F.R. § 404.957(b)(2).

File Am. Compl., ECF No. 12), which was ultimately granted. *See* Order, No. 18-cv-2282 (E.D.N.Y. Apr. 16, 2019). Accordingly, the Plaintiff filed his Amended Complaint on June 14, 2019. *See* Am. Compl., ECF No. 13.

On June 19, 2019, the Court *sua sponte* granted the Plaintiff leave to file a second amended complaint. *See* Order, No. 18-cv-2282 (E.D.N.Y. June 19, 2019). The Court explained that the Plaintiff improperly purported to incorporate by reference his initial Complaint into the Amended Complaint. *Id.* Considering his *pro se* status, the Court allowed the Plaintiff to file a second amended complaint and cautioned him that all of the claims he seeks to pursue must be included therein. *Id.* Accordingly, the Plaintiff filed his Second Amended Complaint on July 17, 2019. *See* 2d Am. Compl., ECF No. 14.

On February 8, 2020, the Defendant filed this Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 25. Thereafter, the Plaintiff filed his response (s*ee* Pl.'s Resp., ECF No. 26), and four supplemental letters. *See* Pl. 5/10/20 Letter, ECF No. 27; *see* Pl. 6/29/20 Letter, ECF No. 29; s*ee* Pl. 7/5/20 Letter, ECF No. 30; *see* Pl. 7/9/20 Letter, ECF No. 31.

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(1)

The determination of whether the court has subject matter jurisdiction "is a threshold inquiry." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citations omitted). A district court may properly dismiss a case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) where the court "lacks the statutory or constitutional power to adjudicate it." *Cortland St. Recovery Corp. v. Hellas Telecommunications, S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The burden to prove that subject matter

4

jurisdiction exists rests with the plaintiff. *Capogrosso v. Gelbstein*, 18-cv-2710, 2019 WL 4686448, at *4 (E.D.N.Y. Sept. 25, 2019); *Amadei v. Nielsen,* 348 F.Supp.3d 145 (2018*Carter v. Healthport Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

A motion challenging subject matter jurisdiction pursuant to Rule 12(b)(1) "may be either facial or fact-based." *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  A facial challenge to subject matter jurisdiction is "based solely on the allegations of the complaint or the complaint and the exhibits attached to it." *Id*. at 56-57 (internal quotation marks and citations omitted).  The Court accepts as true "all material factual allegations of the complaint" and draws "all reasonable inferences in favor of the plaintiff." *Id.*

Given that Plaintiff is proceeding *pro se*, the Court "liberally construes the operative Complaint and interprets it to raise the strongest argument that it suggests." *Joseph v. Soc. Sec. Admin*., No. 16-CV-3377, 2017 WL 1067804, at *2 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted sub nom. Joseph v. Soc. Sec. Office*, No. 16-CV-3377, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017) (Internal quotation and citations omitted).  Further, the Court "consider[s] factual allegations in his opposition papers as supplementing the complaint, at least to the extent they are consistent with the allegations in the Complaint." *Id.*

### III. DISCUSSION

By way of his Second Amended Complaint, the Plaintiff seeks an award of monetary damages and SSDI benefits in response to alleged violations of his civil rights. *See generally* Second Am. Compl., ECF No. 14.  The Defendant argues that these claims must be dismissed because the Court lacks subject matter jurisdiction due to sovereign immunity *See generally* Def.'s Mem. of Law, ECF No. 25.  The Court liberally construes the Second Amended Complaint and interprets it to raise the strongest arguments that it suggests.

5

### A.     Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (*quoting F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (internal quotation marks omitted).  "Moreover, 'waivers of sovereign immunity must be unequivocally expressed in statutory text and, cannot simply be implied.'" *Binder & Binder, P.C.*, 818 F.3d at 70 (2d Cir. 2016) (*quoting United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)).  "Importantly, because a district court would lack subject matter jurisdiction to adjudicate claims against the United States absent a waiver of sovereign immunity, the plaintiff bears the burden of establishing that his 'claims fall within an applicable waiver.'" *Vendryes v. Soc. Sec. Admin.*, No. 17-cv-1781, 2017 WL 4350439, at *4 (E.D.N.Y. July 13, 2017) (*quoting Makarova*, 201 F.3d at 113 (2d. Cir. 2000); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (waiver of sovereign immunity is a prerequisite to subject matter jurisdiction)).

### B.     Claim under 42 U.S.C. § 1983[5]

"Under section 1983, individuals may bring a private cause of action against persons acting under color of state law to recover money damages for deprivations of their federal or constitutional rights." *Smith v. Comm'r of Soc. Sec.*, No. 20-CV-1384 (MKB), 2020 WL 2744132,

---

[5]     In Plaintiff's original complaint, he alleged civil rights violations under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at 3.  These causes of action are not explicitly mentioned in the Second Amended Complaint. *See generally,* 2d Am. Compl., ECF No. 14. The Court analyzes them in an effort to be comprehensive in it's review of the Plaintiff's filings.

6

at *2 (E.D.N.Y. May 26, 2020) (citing Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014); *see* 42 U.S.C. § 1983. "Section 1983 'constrains only state conduct.'" *Id.* (quoting *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009).

The Plaintiff names the Commissioner of the SSA, a federal official, as the sole defendant. Therefore, to the extent that the Plaintiff alleges a violation of his constitutional rights, the Court liberally construes his claim as brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), rather than Section 1983.

C.     **Claim under *Bivens*[6]**

"*Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law." *Carr v. Soc. Sec. Office*, No. 20-CV-1114, 2020 WL 1289527, at *1 (E.D.N.Y. Mar. 18, 2020) (citing *Bivens*, 403 U.S. 388 (1971). "A plaintiff bringing a claim under Bivens must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "Broad allegations of conspiracy are insufficient; the plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir.2003) (internal quotation marks omitted) (addressing conspiracy claims under 42 U.S.C. § 1985)).

"[A] plaintiff in a *Bivens* action is required to allege facts indicating that the defendants were personally involved in the claimed constitutional violation." *Arar*, 585 F.3d at 569 (2d Cir. 2009) (citing *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981); *see also Thomas v. Ashcroft*, 470 F.3d

---

[6]     *See* Note 5.

491, 496 (2d Cir.2006)). "A *Bivens* claim against a federal agency is essentially a suit against the United States, and *Bivens* actions against the United States are barred under the doctrine of sovereign immunity." *Carr*, No. 20-CV-1114, 2020 WL 1289527, at *2 (E.D.N.Y. Mar. 18, 2020) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Notably, "the Supreme Court has held that social security claimants may not bring Bivens actions alleging violations of their constitutional rights." *Katsoulakis v. Astrue*, No. 10-CV-0081, 2011 WL 3877080, at *6 (E.D.N.Y. Aug. 31, 2011) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988)).

Here, the Plaintiff lists only the Commissioner of the SSA as a defendant, so the doctrine of sovereign immunity applies. The Second Amended Complaint is completely devoid of any allegations to support a finding that the United States or the SSA has waived its sovereign immunity. Therefore, to the extent that the Plaintiff is attempting to allege violations of his constitutional rights by the SSA under *Bivens*, the SSA is immune from suit. To the extent that the Plaintiff alleges conduct by individual members of the SSA within the text of the Second Amended Complaint under *Bivens*, his claim would similarly still be barred.

### D.     Federal Tort Claims Act

"Under the [Federal Tort Claims Act], a plaintiff may bring a tort suit against the United States under certain circumstances." *Ojo v. United States*, No. 20-CV-4882 (MKB), 2020 WL 7262853, at *6 (E.D.N.Y. Dec. 9, 2020) (citing *Cooke v. United States*, 918 F.3d 77, 78 (2d Cir.), *cert. denied*, 139 S. Ct. 2748 (2019), 918 F.3d at 81). "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) (citing 28 U.S.C. § 1346(b)(1)). "The only proper institutional defendant in such an action is the United States." *Ojo*, No. 20-CV-4882 (MKB), 2020 WL 7262853, at *6 (E.D.N.Y. Dec. 9, 2020) (citing *Rivera v. United States*, 928

8

F.2d 592, 609 (2d Cir. 1991); *see also Leytman v. U.S. Dep't of Homeland Sec. Transp. Sec. Admin.*, 804 F. App'x 78, 79 (2d Cir. 2020) ("Any FTCA claim must be alleged against the United States, not a specific United States agency.")).

Here, the Plaintiff alleges that he was the victim of fraud by the SSA. The Plaintiff does not list the United States as a defendant. Rather, the Plaintiff lists only the Commissioner of the SSA. Therefore, even if the Court were to find that it had jurisdiction over this claim, it would be barred because the Plaintiff did not bring his claim against the proper defendant.

### E.     Section 405(g) of the Social Security Act

"Section 405(g) is the only waiver of sovereign immunity in the [Social Security] Act and is the exclusive statutory authority for judicial review." *Joseph v. Soc. Sec. Admin.*, 16-CV-3377, 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017), *report & recommendation adopted by*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017); see also 42 U.S.C. § 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except as herein provided."). Section 405(g) provides for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party." 42 U.S.C. §§ 405(g). "[W]hat is crucial is that the agency, at some point after a hearing, render a decision on the merits for the court to review." *Coe v. Saul*, No. 19 CIV. 10993, slip op. at 7 (S.D.N.Y. Nov. 16, 2020) (citing *Smith v. Berryhill,* 139 S.Ct. 1765, 1777 (2019)).

Here, to the extent that the Plaintiff is seeking judicial review of the determination made by the SSA, his claim is barred by sovereign immunity. The Plaintiff never received a final decision from the SSA made after a hearing to which he was a party. His case was remanded for a hearing before an ALJ, for which he refused to appear. Therefore, the dismissal resulted not

9

from a hearing on the merits, but from a procedural ground. *See, e.g., Coe*, No. 19 CIV. 10993, (S.D.N.Y. Nov. 16, 2020).

## IV. CONCLUSION

This Court finds that, even liberally construing the Plaintiff's Second Amended Complaint to interpret it as raising the strongest arguments that it may suggest, the Plaintiff has failed to sufficiently allege facts that would overcome the various applicable procedural bars and establish subject matter jurisdiction by this Court. Therefore, this Court respectfully recommends that the District Court GRANT the Defendant's Motion to Dismiss the Second Complaint in its entirety.

### A. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 3, 2021