```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP HATCHER,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           18-CV-2282(JS)(ST)

ANDREW SAUL,¹ COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Philip Hatcher, pro se
                    P.O. Box 803
                    Copiague, New York 11726

For Defendant:      Vincent Lipari, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza, 5th Floor
                    Central Islip, New York 11722
```

SEYBERT, District Judge:

Plaintiff Philip Hatcher ("Hatcher" or "Plaintiff"), proceeding pro se, initiated this action against the Commissioner of the Social Security Administration ("the Commissioner" or "Defendant") alleging violations of his constitutional rights, among other claims, in connection with an application for Social Security Disability Benefits ("SSDI"). (See generally Second Am.

---

[1] Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is hereby substituted for Nancy A. Berryhill as the defendant in this action. See, e.g., Pelaez v. Berryhill, No. 12-CV-7796, 2017 WL 6389162, at 1 n.1 (S.D.N.Y. Dec. 14, 2017), Report and Recommendation Adopted, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

Compl., ECF No. 14.) On February 8, 2020, the Commissioner moved to dismiss the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot., ECF No. 25; Pl. Opp., ECF No. 26.) The Court referred the motion to Magistrate Judge Steven Tiscione for a report and recommendation ("R&R"). (See Apr. 7, 2020 Elec. Order.) Before the Court is Judge Tiscione's February 3, 2021 R&R (ECF No. 32), as well as Plaintiff's objections[2] (Pl. Objs., ECF No. 34, at ECF pp. 5-7 (titled "Response to Report and Recommendation"); see also Pl. Suppl. Objs., ECF No. 35). For the reasons that follow, the R&R is ADOPTED as stated herein, Plaintiff's objections are OVERRULED, and the Commissioner's motion is GRANTED.

---

[2] Plaintiff also submitted a letter motion "TO RULE IN FAVOR OF PLAINTIFF," dated March 27, 2021 (ECF No. 37), and a "SUPPLEMENTAL TO REPORT AND RECOMMEND," dated March 20, 2021 (ECF No. 38). The Court construes these as untimely objections. "Notwithstanding the untimeliness of [Plaintiff's . . .] objections or the fact that Plaintiff filed multiple sets of objections without court approval, this Court's holdings remain the same because Plaintiff's untimely objections largely reiterate the content included in his timely objections. Braxton/Obed-Edom v. City of New York, No. 17-CV-0199, 2020 WL 1303558, at *1 n.1 (S.D.N.Y. Mar. 19, 2020).

BACKGROUND AND PROCEDURAL HISTORY[3]

Except where noted, the Court adopts and incorporates the facts and procedural history as set out in the R&R by Judge Tiscione. (See R&R at 2-4.) As recited by Judge Tiscione:

> Hatcher filed for SSDI benefits on May 5, 2010. On October 22, 2013, an Administrative Law Judge ("ALJ") found that Hatcher was not disabled as defined by the Social Security Act (20 CFR 404.1520(f)). The ALJ's primary reasoning appears to be based upon the testimony of a vocational expert. On March 24, 2015, the [Social Security Administration ("SSA")] Appeals Council denied review of the ALJ's decision. In turn, on May 27, 2015, Hatcher commenced the previous action in the District Court. Hatcher [v. Colvin], 15-cv-3282, 2017 WL 1323747, at *1 (E.D.N.Y. March 22, 2017) [(Feuerstein, J.)]. In that case, the court granted the defendant's motion to remand the action for further proceedings due to the ALJ's failure to correctly apply the applicable legal standard to the testimony of the vocational expert. . . .
>
> On November 13, 2017, the SSA sent a letter to the Plaintiff notifying him of a hearing scheduled for February 28, 2018. Among other things, the letter instructed Hatcher that should he fail to attend the hearing and not offer "a good reason" his case may be dismissed. Hatcher returned an Acknowledgement of Receipt form, dated December 14, 2017, stating that he would not be present at the February 28, 2018 hearing because, "any and all future scheduling of hearings are automaticly [sic] unconstitutional for failure of disclosure." Hatcher also submitted letters to the SSA

---

[3] For the purpose of resolving the motion to dismiss under Rule 12(b)(1), the Court accepts all factual allegations in the Second Amended Complaint as true. See Beni v. State Of New York, No. 18-CV-0615, 2021 WL 1108556, at *1 (E.D.N.Y. Mar. 23, 2021).

3

> outlining his objections to attending the hearing.
>
> In a letter dated February 14, 2018, the SSA reminded Hatcher of his hearing date and again warned him that if he failed to appear without a "good reason" his case would be dismissed. Hatcher responded with another letter to the SAA, explaining that he considered the February 14, 2018 reminder letter to be elder abuse.
>
> The Plaintiff failed to appear at the February 28, 2018 hearing and, as determined by the ALJ, did not offer a good reason for his absence. Accordingly, Hatcher's case was dismissed. Hatcher did not appeal this dismissal to the SSA Appeals Council.[4]

(R&R at 2-3 (citations omitted).)

Plaintiff commenced this action on or around April 17, 2018. (Compl., ECF No. 1.) After filing two amended complaints, the Commissioner moved to dismiss the Second Amended Complaint, arguing that the Court lacks subject matter jurisdiction because (1) the SSA is immune from suit and has not waived sovereign immunity (see Comm'r Br., ECF No. 20-1, at 6-8), and (2) Hatcher is not entitled to an award of benefits and there is no final decision to review because Plaintiff failed to appear in the

---

[4] Plaintiff objects to this finding, arguing that he did appeal the ALJ's dismissal. (See Pl. Objs. at ECF pp. 5-6 (arguing that certain evidence supports a finding that Plaintiff filed an appeal of the ALJ's dismissal); see also Pl. Suppl. Objs. at ECF p. 3 (stating the Commissioner's assertion that he did not file an appeal is "false and untrue").) The Court addresses this argument below.

4

underlying administrative proceedings on remand (id. at 8-10). Plaintiff opposes the motion arguing that the Federal Bureau of Investigation is actively investigating "unlawful behavior by the Commissioner's office," which is "extremely relevant to this civil proceeding" (Pl. Opp. at 2-5) and "under 1983, the sovereign immunity [doctrine] is not applicable" (id. at 5).

After referral from this Court, on February 3, 2021, Judge Tiscione issued the R&R recommending that this Court grant Defendant's motion to dismiss in its entirety. First, Judge Tiscione construed claims against the Commissioner as brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 402 U.S. 388 (1971), and not 42 U.S.C. § 1983. (R&R at 6-7.) Under a Bivens analysis, the court applied the doctrine of sovereign immunity and determined that the Commissioner is immune from suit because the Second Amended Complaint fails to allege that the Commissioner waived sovereign immunity. (Id. at 7-8.) Second, Judge Tiscione analyzed Plaintiff's allegations that he was the victim of fraud under the Federal Torts Claims Act and recommended that the Court dismiss the claims because Plaintiff did not name the United States as a defendant. (Id. at 8-9.) Third, and to the extent asserted, Judge Tiscione found that judicial review of the SSA's dismissal determination is barred by sovereign immunity because "Plaintiff never received a final decision from the SSA[.]" (Id. at 9-10.)

DISCUSSION

Plaintiff filed objections and argues that the Commissioner withheld "3 pieces of evidence" that support his allegations "of the torts of the Commissioner's office." (See generally Pl. Suppl. Objs.; Pl. Objs. at ECF pp. 5-7.) Plaintiff also argues that he "now amend[s] this civil claim to include the violation of the Federal Tort Claims Act [("FTCA")]" because the Commissioner's office "failed to produce" a document dated April 26, 2018 wherein he appealed the ALJ's dismissal order (the "April 26 Letter"). (Pl. Objs. at ECF p. 4; April 26 Letter, attached to Pls. Objs. at ECF pp. 2-4.) The Commissioner did not respond to the objections.

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). "The objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).

For the avoidance of doubt, and given Plaintiff's pro se status, the Court considers Plaintiff's objections and will review

6

the R&R de novo. As a preliminary matter, Plaintiff submits two exhibits in support of his objections that were not referenced in the Second Amended Complaint or in opposition to Defendant's motion to dismiss.[5] (See April 26 Letter; Workers' Compensation Board Notice of Decision, attached to Pls. Objs. at ECF p. 8.) Generally, courts "do not consider new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, No. 08-CV-3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases). Indeed, "[t]he submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [its] failure to present such evidence to the magistrate judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) (alterations in original) (internal citations omitted). Although not required, the Court considers these exhibits. Brown, 2012 WL 511581, at *1 ("[E]ven in a de novo review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge

---

[5] Plaintiff also submitted an August 26, 2017 letter from a SSA hearing officer (see Pls. Objs. at ECF pp. 9-10) that is attached to the Second Amended Complaint (see Second Am. Compl. at ECF pp. 61-62).

7

in the first instance.'" (quoting Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006))). As discussed below, however, the Court's consideration of these exhibits does not change the ultimate determination that dismissal of the Second Amended Complaint is appropriate.

Turning to the merits, the Court agrees with Judge Tiscione that "[t]here is no private right of action under the Social Security Act," and "Plaintiff is barred from bringing a civil action against the SSA for monetary relief based on violations of the Social Security Act." Katsoulakis v. Astrue, No. 10-CV-0081, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011). Second, "to the extent [P]laintiff is attempting to allege violations of [his] constitutional rights by the SSA," Judge Tiscione correctly found that "the SSA is immune from suit." Id. Indeed, a Bivens claim against the SSA, which is "a federal agency[,] is precluded" because "an action against a federal agency is essentially a suit against the United States, and Bivens actions against the United States are barred under the doctrine of sovereign immunity." Id. (quoting Sereika v. Patel, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006); further citation omitted). Therefore, Plaintiff's Bivens claims against the SSA, to the extent asserted, are DISMISSED.

Third, while a claim under Bivens "may be brought against a federal officer in his individual capacity," id. (quoting

8

Sereika, 411 F. Supp. 2d at 402), Plaintiff's individual claims against the Commissioner are similarly "barred because the Supreme Court has held that social security claimants may not bring Bivens actions alleging violations of their constitutional rights." Id. at *6 (citing Schweiker v. Chilicky, 487 U.S. 412, 424-25 (1988) ("The [Social Security] Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits.")). In Schweiker, the Supreme Court declined to carve out a "money damages remedy against Social Security employees finding that Congress' 'inaction has not been inadvertent' and that 'the design of [the Social Security] program suggests that Congress has provided what it considers adequate remedial mechanisms' through the administrative process." Id. (quoting Schweiker, 487 U.S. at 423) (alterations in original). Accordingly, Plaintiff's Bivens claims against the Commissioner, to the extent asserted, are DISMISSED.

Fourth, the Court agrees with Judge Tiscione that any claim under the FTCA necessarily fails, including the "proposed" amended claim recited supra, because Plaintiff does not name the United States as a defendant and "[t]he SSA cannot be sued for negligence based on the doctrine of sovereign immunity, which bars FTCA suits against federal agencies." Katsoulakis, 2011 WL 3877080, at *5 n.1 (citing 28 U.S.C. § 2679(a)) (further citations

9

omitted); Langella v. Bush, 306 F. Supp. 2d 459, 463 (S.D.N.Y. 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."). Thus, Plaintiff's claims under the FTCA are DISMISSED.

Fifth, like Judge Tiscione, the Court considers Plaintiff's claim, to the extent alleged, seeking judicial review of the ALJ's dismissal of his application for SSDI benefits after he failed to appear at a hearing on remand from this Court. The Court understands that Plaintiff may argue that Judge Tiscione erred in concluding there was not a final decision because Plaintiff submitted numerous letters to the SSA purporting to "appeal" the ALJ's dismissal, and that the Appeals Council never responded to Plaintiff's request. (See March 14, 2018 Letter, attached to Second Am. Compl. at ECF p. 99; March 31, 2018 Letter, id. at ECF p. 96; April 26 Letter; May 11, 2018 Letter, attached to Second Am. Compl. at ECF p. 110.) Assuming that the letters attached to the Second Amended Complaint constitute evidence of an appeal to the Appeals Council of the ALJ's dismissal, the claim fails because Plaintiff commenced this action while his appeal was pending thereby depriving the Court of subject matter jurisdiction.

Pursuant to 42 U.S.C. § 405(g), "judicial review is authorized only after a 'final decision of the Commissioner of Social Security made after a hearing.'" Ramos v. Astrue, No. 11-

10

CV-6204, 2012 WL 2358158, at *1 (E.D.N.Y. June 20, 2012). (quoting Califano v. Sanders, 430 U.S. 99, 108 (1977)). Where, as here, "a case is remanded by a district court and, in turn, to an ALJ for further proceedings, the decision of the ALJ constitutes the final decision of the Commissioner unless the Appeals Council thereafter assumes jurisdiction (1) at the claimant's request, or, (2) absent such request, in its discretion within 60 days after the ALJ's decision." Jackson v. Astrue, No. 09-CV-1290, 2010 WL 3777732, at *1 n.1 (E.D.N.Y. Sept. 21, 2010) (citing 20 C.F.R. § 404.984(a)-(d)); see also 20 C.F.R. § 404.984(b) (noting that the Appeals Council may assume jurisdiction if a claimant files exceptions disagreeing with ALJ's decision).

The record before the Court demonstrates Plaintiff initiated this action while his alleged appeal was pending with the Appeals Council. (See, e.g., March 14, 2018 Letter, attached to Second Am. Compl. at ECF p. 99 (explaining "why the 'Order of Dismissal', dated March 7, 2018, will be declared unconstitutional, illegal, null and void, . . . ."); Pl. Suppl. Objs. at ECF pp. 2-4 (April 26, 2018 letter to Appeals Council, among others, describing prior letters and stating "I now present a formal appeal to the alleged fraudulent decision of March 7, 2018 that it should be reversed and the decision of 3/7/2018, be dismissed as unconstitutional and therefore unqualified to dismiss my application . . . .").) Thus, "there is no final decision" for

11

this Court to review as required by Section 405(g) because "the Court remanded [the case] to the ALJ, Plaintiff then filed exceptions to the ALJ's decision, and the Appeals Council apparently assumed jurisdiction but did not render its own decision or remand to the ALJ." Judge v. Colvin, No. 12-CV-02633, 2014 WL 4385420, at *2 (E.D.N.Y. Sept. 3, 2014) (Seybert, J.); Perez v. Apfel, 22 F. App'x 67, 67 (2d Cir. 2001) ("Perez filed her complaint while her request for review of the ALJ's decision was still pending before the Appeals Council.  Appellant has therefore failed to exhaust her administrative remedies and, as a consequence, the district court lacks subject matter jurisdiction over her claim."); Martin v. Astrue, No. 07-CV-0928, 2008 WL 314524, at *3 (N.D.N.Y. Feb. 4, 2008) (holding that the court lacked subject matter jurisdiction because the plaintiff filed her complaint only seven days after the ALJ's decision and she therefore did not give the Appeals Council the opportunity to potentially assume jurisdiction); accord Widman v. Comm'r of Soc. Sec. Admin., 230 F. App'x 708 (9th Cir. 2007) (stating the ALJ's decision "did not become the final agency decision when the Appeals Council did not respond to his request for review within sixty days." (citing 20 C.F.R. §§ 404.984(a), (b))).  Accordingly, Plaintiff's claim for judicial review of the ALJ's dismissal of his application for SSDI benefits is DISMISSED for lack of jurisdiction.

Finally, even assuming for arguments sake that this Court had subject matter jurisdiction over Plaintiff's civil action against the SSA, it would reject Plaintiff's argument that he would be entitled to a disability determination because the New York State Workers' Compensation Board issued a finding that he has a "permanent disability of 50.00%." (Pl. Objs. at ECF p. 6 (Plaintiff objecting that "there would have been a profoundly significant different result in favor of the plaintiff/claimant" if the ALJ and district court received a copy of the Workers' Compensation decision); see Workers' Compensation Board Notice of Decision, attached to Pls. Objs. at ECF p. 8.) A "determination of disability in the context of a workers' compensation claim uses a different standard than the Social Security Act." Ackley v. Colvin, No. 13-CV-6656, 2015 WL 1915133, at *5 (W.D.N.Y. Apr. 27, 2015). Thus, neither this Court nor an ALJ is "bound by . . . conclusions that Plaintiff had varying degrees of disability for workers' compensation purposes." Guerra v. Comm'r of Soc. Sec., No. 16-CV-0991, 2018 WL 3751292, at *6 (W.D.N.Y. Aug. 7, 2018), aff'd sub nom. Guerra v. Saul, 778 F. App'x 75 (2d Cir. 2019).

*** 

The Court has considered Plaintiff's remaining objections and finds them to be without merit. Accordingly, and for substantially the reasons set forth in the R&R, Plaintiff's objections are OVERRULED and the R&R is ADOPTED as stated herein.

13

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED, Judge Tiscione's R&R (ECF No. 32) is ADOPTED as stated herein, the Commissioner's motion to dismiss (ECF No. 25) is GRANTED, and this action is DISMISSED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to amend the case caption to reflect Andrew Saul, as the Commissioner of the Social Security Administration, as defendant (see supra Note 1), mail a copy of this Memorandum and Order to pro se Plaintiff, terminate all pending motions, and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March   31  , 2021
       Central Islip, New York

14